**Aaron D. SHARP, Plaintiff-Appellant,**

v.

**NORTHWESTERN NATIONAL INSURANCE COMPANY, Defendant-Appellee.**

Supreme Court of Tennessee, at Nashville.

July 18, 1983.

Joseph L. Lackey, Nashville, for plaintiff-appellant.

Thomas F. Schoenheit, Nashville, for defendant-appellee.

## OPINION

DROWOTA, Justice.

In this workers' compensation case, we are asked to review the Chancery Court's denial of benefits to the Plaintiff. The facts were not in dispute at the trial level, and no evidence was introduced other than the Plaintiff's deposition. The Plaintiff, Aaron Sharp, is employed by Pinkerton's, Inc., as a "roving sergeant," which means he is subject to being called to work at any time. His supervisor calls him by telephone at home to tell him when and where to report for work. The Plaintiff is paid only for the hours he actually works at the job site, not for the time he spends traveling or the time he spends at home waiting for calls. On September 30, 1981, Sharp was injured in an automobile accident on Interstate 65 while driving home from work. He contends this injury arose out of and in the course of his employment because he was on call at all times, and, thus, he was continuously in the course of his employment. The Chancellor rejected the Plaintiff's contention and granted summary judgment for

the Defendant, Northwestern National Insurance Company.

The Chancellor found, and we agree, that the Plaintiff has not presented a set of facts which would take this case outside the general rule that an injury sustained en route to or from work is not compensable. *See Woods v. Warren,* 548 S.W.2d 651 (Tenn.1977). The reason supporting this rule is evident: travel to and from work is not, ordinarily, a risk of employment. Rather, driving to work falls into the group of all those things a worker must do in preparation for the work day, such as dressing; and driving home from work is often a prerequisite to getting home. While this travel is some modicum of benefit to the employer, travel to and from work is primarily for the benefit of the employee: if he doesn't present himself at the work place, he is not compensated for his labors.

Our cases have acknowledged, however, that if the claimant shows the risks of travel are directly incident to his employment, there may be recovery for injury sustained in a travel accident within the course of his employment. *Eg., Central Sur. & Ins. Corp. v. Court,* 162 Tenn. 477, 36 S.W.2d 907 (1931). In *Central Surety,* the claimant's job required that she travel to numerous training schools throughout the country to teach. It was her duty to report to the principal office of her employer, located in Nashville, after each trip and pay over funds collected while in the field. While en route carrying papers, reports and funds for delivery to the principal office, she fell and suffered injury for which she received compensation. This Court found that the nature of the claimant's duties required that she travel at the direction of her employer and that travel was an integral part of her employment. Also, in *Employer's Liability Assurance Corp. v. Warren,* 172 Tenn. 403, 112 S.W.2d 837 (1938), we held the claimant's injuries compensable because he was away from home and on a mission wholly in behalf of and under the direction of his employer. These cases have in common the element of an undefinable boundary for the beginning and ending of the claimant's work environment. The very nature of the employments rendered that environment amorphous. And yet, it is certain the claimants were placed in circumstances which were directly related to their employment. And, therefore, injuries arising out of those circumstances were compensable.

Such is not the present case. The boundaries of the Plaintiff's employment are clear. He is paid only for those hours when he actually works at a job site. His duties do not require that he travel for the benefit of his employer.

The judgment of the Chancery Court is affirmed. The costs of this appeal are taxed to the Plaintiff.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.