**Larry J. POOL, Plaintiff-Appellee,**

v.

**METRIC CONSTRUCTORS, INC.,
Defendant-Appellant.**

Supreme Court of Tennessee,
at Jackson.

Dec. 10, 1984.

Edwin E. Wallis, Jr., Moss, Benton & Wallis, Jackson, for defendant-appellant.

T.J. Emison, Jr., Emison & Emison, P.C., Alamo, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

This action was brought to recover worker's compensation benefits for injuries suffered in a one car accident following the employee's work on a job in Columbus, Mississippi. The determinative issue in this case is whether the Plaintiff suffered injuries in the course of and within the scope of his employment. The trial judge awarded the employee benefits for temporary total disability and permanent partial disability and for medical expenses. The amount of injuries suffered are not disputed. Neither are the facts in dispute.

Plaintiff had been an employee of Defendant on a construction project in Jackson, Tennessee. When that project was completed, Plaintiff and several other workers were laid off. Plaintiff resided near Alamo, Tennessee and drove his own vehicle to Jackson. While working in Jackson, Plaintiff received an hourly wage but was not reimbursed for travel from Alamo to Jackson. Shortly after the layoff, Defendant contracted to do construction work in Columbus, Mississippi. Defendant contacted several carpenters who had worked on the Jackson project, including Plaintiff, and inquired whether they were interested in short-term work in Columbus, Mississippi. Plaintiff accepted Defendant's offer of $10.50 per hour, $25.00 per diem per day for room and board, and $.20 per mile travel reimbursement. Plaintiff travelled to Mississippi on October 15, 1981, to begin work that was expected to last about 10 days. Plaintiff and the other workers worked approximately 14 hours per day and the work was completed in five days. After work was completed on October 19, 1981, Plaintiff waited until about 10:00 p.m. to receive his check. After checking out of the motel, Plaintiff and a co-worker went by the room of the foreman, Jack Watson. During this visit Plaintiff consumed at

least one drink of whiskey. Mr. Watson advised both men to stay the night and not attempt to drive back to Alamo. Defendant agreed to pay for Plaintiff's lodging that night. However, Plaintiff decided he wanted to go home that night and left around midnight. On the outskirts of Aberdeen, Mississippi, approximately one hour north of Columbus, Plaintiff apparently fell asleep at the wheel and was injured in a one car accident, sustaining leg and chest injuries.

The Chancellor determined that there was no proof that intoxication caused the accident. The Chancellor further held that the injury was compensable because the "journey was an inherent part of the service performed by Plaintiff for the Defendant."

■ The general rule in Tennessee is that an injury received by an employee on his way to or from his place of employment does not arise out of employment and is not compensable. *Smith v. Royal Globe Ins. Co., Inc.*, 551 S.W.2d 679 (Tenn.1977); *Little v. Johnson City F. & M. Co.*, 158 Tenn. 102, 11 S.W.2d 690 (1928). However, we have recognized a number of exceptions to this general rule. In general, we have allowed coverage where the journey itself "is a substantial part of the services for which the workman was employed and compensated." *Smith v. Royal Globe Ins. Co., supra* at 681, citing *Douglas v. Lewis Bros. Bakeries, Inc.*, 477 S.W.2d 202 (Tenn. 1972).

With this general rule in mind, the issue in this case is whether there is material evidence to support the trial judge's finding that Plaintiff's journey was an inherent part of the service performed by Plaintiff for the Defendant. We find that there is material evidence to support the finding of the Chancellor and therefore affirm the judgment below.

During the course of Plaintiff's employment with Defendant in Jackson, Tennessee, he commuted daily and no reimbursement for travel was provided in the contract of employment. Conversely, on the job in Mississippi, a per diem and a twenty

cents per mile travel reimbursement was part of the agreement. Defendant sent Plaintiff on a substantial journey, Columbus, Mississippi being a distance of 120 miles from Alamo, Tennessee. The employment agreement for the Mississippi job was quite different from that normally used by Defendant when local labor was utilized.

■ Plaintiff was employed as a carpenter which required him to carry his own tools. He testified that he carried his own tools in his truck and that that was one of the reasons that he took his own truck. We are convinced that this fact, in conjunction with the provision for transportation in the employment contract, is sufficient to remove this case from the general rule of non-liability under the "going and coming" rule of *Smith v. Royal Globe Ins. Co., supra.*

We have repeatedly held that where an employer, as part of the contract of employment, furnishes transportation to the employee, an injury sustained while using that transportation is compensable. *Eslinger v. F & B Frontier Construction Co.*, 618 S.W.2d 742 (Tenn.1981); *Anderson v. Sam Monday Motors*, 619 S.W.2d 382 (Tenn.1981); *Ward v. Ward*, 213 Tenn. 657, 378 S.W.2d 754 (1964). In the case at bar, the need of the employee to carry tools to the jobsite coupled with the provision by the employer of reimbursement of travel expenses, is sufficient to place the accident within the course of and in the scope of employment. T.C.A. § 50–6–102(a)(4).

We do not feel that the case at bar is controlled by *Knox v. Batson*, 271 Tenn. 620, 399 S.W.2d 765 (1965). In that case employees died of asphyxiation caused by the leakage of gas from a heater in a motel room where the employees were staying. The employees were given the option of commuting to the jobsite or finding accommodations nearer their work. The employees on their own volition decided to stay in the motel and therefore the lodging was not a direct incident to the employment. The lodging related "exclusively to the

comfort and convenience of the employees, it being not so far removed from the fixed site of their daily work." 399 S.W.2d at 775. In the case at bar, Plaintiff was required to travel to Mississippi to perform the work. In *Knox v. Batson,* this Court quoted with approval the test laid out in *Free v. Indemnity Ins. Co.,* 177 Tenn. 287, 292, 145 S.W.2d 1026, 1028 (1941): "If the business of the master creates the necessity for the travel, the servant is in the course of his employment."

We take notice of the fact that the majority of jurisdictions adhere to the rule that where the employer makes a deliberate and substantial payment for the expense of travel, or the provision of an automobile under the employee's control, the journey is held to be in the course of employment. 1A. Larson, *Workmen's Compensation Law* § 16.30, at 4–158 (1978). *See, e.g., U.S. Fid. & Guar. Co. v. Donovan,* 221 F.2d 515 (D.C.Cir.1954); *United States Fire Ins. Co. v. Phillips,* 124 Ga.App. 7, 183 S.E.2d 13 (1971). As noted previously, this Court has repeatedly held that the furnishing of a vehicle by the employer is sufficient to place travel within the scope of and in the course of employment. *Anderson v. Sam Monday Motors, supra; Eslinger v. F & B Frontier Construction Co., supra.* Analytically there is little difference in principle between furnishing an amount in cash equivalent to the value of the use of the employee's own car and furnishing the car itself. Coupled with the need of the Plaintiff to carry his tools with him to the job site, the reimbursement for travel is sufficient to remove this case from the general rule of non-liability.

Our inquiry is restricted to whether there is any material evidence to support the finding of the Chancellor that the injury was compensable and that "the journey was an inherent part of the service performed by Plaintiff for the Defendant." T.C.A. § 50–6–225(e). We find that there is material evidence to support the Chancellor's ruling. The judgment is affirmed and

costs of this appeal are taxed to the Defendant-Appellant.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.