IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 31, 2001

## LARRY DONALD HOWARD, M.D. v. CORNERSTONE MEDICAL ASSOCIATES, P.C.

**Appeal by Permission from the**
**Supreme Court Special Workers' Compensation Appeals Panel**
**Chancery Court for Hamilton County**
**No. 98-0856     W. Frank Brown, III, Chancellor**

---

**No. E2000-01659-SC-WCM-CV - Filed August 31, 2001**

---

In this workers' compensation case, the employee sustained injuries in an automobile accident while traveling to one of two nursing homes at which he worked as medical director pursuant to his employment contract. The trial court granted summary judgment in favor of the employer, finding that the employee's injuries did not occur in the course of his employment. The Special Workers' Compensation Appeals Panel reversed the trial court's decision, held that the injuries were compensable, and remanded the case for a determination of benefits. We disagree with the Panel's recommendation and affirm the trial court's judgment.

**Tenn. Code Ann. § 50-6-226(e); Judgment of the Trial Court Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III, and ADOLPHO A. BIRCH, JR. JJ, joined. WILLIAM M. BARKER, J, not participating.

Michael A. Wagner, Chattanooga, TN, for the appellant, Larry Donald Howard, M.D.

W. Randall Wilson and Lynda Motes, Chattanooga, TN, for the appellee, Cornerstone Medical Associates, P.C.

### OPINION

At the time of the accident in this case, Larry Donald Howard, M.D., worked as a physician for Cornerstone Medical Associates (Cornerstone). Dr. Howard's main office was located in the Atrium Memorial Building (the Atrium Office) in Chattanooga, Tennessee. In his position with Cornerstone, he served as the medical director of two nursing homes, including the Life Care Center Nursing Home (Life Care). Under the terms of Dr. Howard's employment contract, he was required to see patients at the Atrium Office, the nursing homes, and various hospitals. He used his personal

automobile when traveling between these sites. On the morning of June 21, 1996, Dr. Howard received a phone call at his home from Life Care advising him that the nursing home had new patients whom Dr. Howard needed to see. While traveling between his home and Life Care, Dr. Howard was injured in an automobile accident. He suffered facial bone fractures, a closed head injury, and the loss of his left eye.

The trial court granted Cornerstone's motion for summary judgment. The court found that the facts of the case did not satisfy any of the exceptions to the general rule that travel to and from work does not fall within the course of employment. As a result, the court found that Dr. Howard's injuries were not compensable.

Dr. Howard appealed, and the appeal was referred to the Special Workers' Compensation Appeals Panel pursuant to Tenn. Code Ann. § 50-6-225(e)(3). The Panel disagreed with the trial court's ruling. The Panel held that Dr. Howard was acting within the course of his employment because driving to Life Care furthered Cornerstone's business. We granted Cornerstone's petition for full Court review pursuant to Tenn. Code Ann. § 50-6-225(e)(5).

ANALYSIS

Review of an award of summary judgment in a workers' compensation case is governed by Tenn. R. Civ. P. 56. Goodloe v. State, 36 S.W.3d 62, 65 (Tenn. 2001). "Under Rule 56, a court must 'review the record without a presumption of correctness to determine whether the absence of genuine and material factual issues entitle [sic] the movant to judgment as a matter of law.'" Id. (quoting Finister v. Humboldt Gen. Hosp., Inc., 970 S.W.2d 435, 437-38 (Tenn. 1998)). We "must view the evidence in the light most favorable to the non-moving party and must also draw all reasonable inferences in favor of the non-moving party." McCann v. Hatchett, 19 S.W.3d 218, 219 (Tenn. 2000). "Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." Whitaker v. Whirlpool Corp., 32 S.W.3d 222, 228 (Tenn. Ct. App. 2000).

A compensable workers' compensation injury must arise out of and occur in the course of employment. Tenn. Code Ann. § 50-6-102(12); Cunningham v. Shelton Sec. Serv., Inc., 46 S.W.3d 131, 135 (Tenn. 2001). "The phrase 'in the course of' refers to time, place and circumstances, and 'arising out of' refers to cause or origin." Hill v. Eagle Bend Mfg., Inc., 942 S.W.2d 483, 487 (Tenn. 1997). The general rule is that an employee is not acting within the course of employment when the employee is going to or coming from work unless the injury occurs on the employer's premises. Lollar v. Wal-Mart Stores, Inc., 767 S.W.2d 143, 150 (Tenn. 1989); 1 A. Larson, The Law of Workmen's Compensation § 15.11 (1994). If the employer provides a parking lot for its employees, the parking lot is considered part of the employer's premises. Lollar, 767 S.W.2d at 150. This Court has extended the premises rule to allow recovery when an employee is injured while crossing a public street between the employer's work facility and parking lot. Copeland v. Leaf, Inc., 829 S.W.2d 140, 144 (Tenn. 1992). However, "[once] the employee has exited the parking area and

begins traveling on personal time, away from the employer's premises, he is no longer in the course of employment." McCurry v. Container Corp. of America, 982 S.W.2d 841, 845 (Tenn. 1998).

Tennessee has recognized certain exceptions to the "going and coming" rule. For example, this Court recognized the "special errand rule" exception in Stephens v. Maxima Corp., 774 S.W.2d 931 (Tenn. 1989). Under the "special errand rule" exception, an employee may be compensated for an off-premises injury "while performing some special act, assignment or mission at the direction of the employer." Id. at 934. Another exception applies to injuries sustained by employees traveling in a company car while going to or coming from work. Eslinger v. F & B Frontier Constr. Co., 618 S.W.2d 742, 744 (Tenn. 1981) ("It is well settled law in this State that where transportation is furnished by an employer as an incident of the employment, an injury suffered by the employee while going to or returning from his work in the vehicle furnished arises out of and is within the course of the employment.").

In Pool v. Metric Constructors, Inc., 681 S.W.2d 543, 544 (Tenn. 1984), we held that the employee's need to carry his own carpentry tools in his truck, combined with a provision for travel reimbursement in the employment contract, was sufficient to remove the case from the general rule of non-compensability in going and coming cases. "In general, we have allowed coverage where the journey itself 'is a substantial part of the services for which the workman was employed and compensated.'" Id. (quoting Smith v. Royal Globe Ins. Co., Inc., 551 S.W.2d 679, 681 (Tenn. 1977)). See also 1 A. Larson, The Law of Workmen's Compensation § 16.00 (1994). The reason for this exception is that "the employment imposes the duty upon the employee to go from place to place at the will of the employer in the performance of duty and the risks of travel are directly incident to the employment itself." Smith, 551 S.W.2d at 681 (quoting Cent. Sur. & Ins. Corp. v. Court, 162 Tenn. 477, 480, 36 S.W.2d 907, 908 (1931)).

The Panel cited this Court's opinion in McCann v. Hatchett, 19 S.W.3d 218 (Tenn. 2000), concluding that Dr. Howard was "acting rationally to further the employer's business" when he traveled from his home to Life Care. The Panel therefore held that Dr. Howard was acting in the course of his employment. In McCann, the employee drowned in a hotel swimming pool while on an out-of-town business trip. Id. at 220. This Court found the death compensable under the majority rule allowing recovery for "traveling employees." Id. at 221.

A "traveling employee" is an employee working away from the regular job site. Id. at 220. In the majority of jurisdictions, an employee "whose work entails travel away from the employer's premises" is considered to be within the course of employment throughout the entire trip. 1 A. Larson, The Law of Workmen's Compensation § 25.00 (1994). The "traveling employee" exception is generally applied to employees who travel extensively to further the employer's business, such as traveling salesmen. See Smith, 551 S.W.2d at 681. The travel is an integral part of the job and differs from an ordinary commuter's travel, thereby exposing the traveling employee to greater risks. See id. Dr. Howard's drive from his home to Life Care does not fall under the "traveling employee" exception. Instead, we agree with the trial court's assessment that Dr. Howard's travel was

incidental at best, that his work boundaries were definable, and that his employment placed him at no greater risk than any other motorist on the highway.

In Sharp v. Northwestern Nat'l Ins. Co., 654 S.W.2d 391 (Tenn. 1983), this Court held that an employee who was on call at all times and traveled to different job sites could not recover workers' compensation benefits for an injury resulting from an automobile accident while driving home from work. Sharp, 654 S.W.2d at 391-92.

> The reason supporting this rule is evident: travel to and from work is not, ordinarily, a risk of employment. Rather, driving to work falls into the group of all those things a worker must do in preparation for the work day, such as dressing; and driving home from work is often a prerequisite to getting home. While this travel is some modicum of benefit to the employer, travel to and from work is primarily for the benefit of the employee: if he doesn't present himself at the work place, he is not compensated for his labors.

Id. at 392. We went on to distinguish cases in which an employee may recover for an injury sustained while traveling for work:

> These cases have in common the element of an undefinable boundary for the beginning and ending of the claimant's work environment. The very nature of the employments rendered that environment amorphous. And yet, it is certain the claimants were placed in circumstances which were directly related to their employment. And, therefore, injuries arising out of those circumstances were compensable.

Id.

We find nothing in the present case to distinguish it from Sharp or from other cases in which Tennessee courts have denied benefits for injuries received during travel to and from work. See Smith, 551 S.W.2d at 681 (construction worker traveling 115 miles from construction site to home was "simply a commuter, even though the distance involved was substantial, and the situs of his duties changed from time to time"); Douglas v. Lewis Bros. Bakeries, Inc., 477 S.W.2d 202 (Tenn. 1972) (death of bakery maintenance engineer traveling from home to work on emergency call was not compensable even though employee was subject to call at any hour). Even accepting as true Dr. Howard's assertion that travel expenses were negotiated into his salary,[1] we do not find that fact dispositive of this issue. The question is whether Dr. Howard's journey between home and Life Care was a substantial part of his employment, regardless of whether he was specially compensated for

---

[1] Dr. Howard's employment contract contains no provision addressing travel requirements or reimbursement for travel expenses. Moreover, both Andrew McGill, CEO of Cornerstone's parent company, and Neil Brand, who recruited Dr. Howard and negotiated his employment contract, testified in their respective depositions that Dr. Howard was not compensated for travel and that travel was not part of the salary negotiation.

-4-

the travel.  See Smith, 551 S.W.2d at 681; 1 A. Larson, The Law of Workmen's Compensation §
16.00 (1994) ("The rule excluding off-premises injuries during the journey to and from work does
not apply if the making of that journey . . . *whether or not specially compensated for* is in itself a
substantial part of the service for which the worker is employed.") (emphasis added).  None of the
adopted exceptions to the "going and coming" rule apply in this case.  We therefore agree with the
well-reasoned memorandum opinion and order of the trial court denying benefits in this case.

### CONCLUSION

Dr. Howard's injury falls under the general rule of non-compensability for injuries occurring
during travel to and from work.  We therefore affirm the trial court's award of summary judgment
in favor of Cornerstone.  Costs of this appeal are taxed to the appellant, Larry Donald Howard, M.D.,
for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE