**FILED**

**March 16, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:11 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Paula Dugger | ) Docket No. 2015-05-0341 |
| | ) |
| v. | ) |
| | ) State File No. 69225-2015 |
| Home Health Care of Middle Tennessee, | ) |
| LLC, et al. | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale Tipps, Judge | ) |

---

### Affirmed and Remanded – Filed March 16, 2016

---

This interlocutory appeal involves a home health care nurse who was injured in a motor vehicle accident while traveling home after abandoning efforts to travel to a patient's residence because of inclement weather. The employee sought medical and temporary disability benefits, asserting her injuries arose primarily out of and in the course and scope of her employment. The trial court denied the employee's claim, finding no applicable exception to the general rule that injuries sustained by an employee while traveling to and from work are not considered in the course of employment unless the injuries occur on the employer's premises. The employee has appealed. We affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Richard T. Matthews, Columbia, Tennessee, for the employee-appellant, Paula Dugger

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellee, Home Health Care of Middle Tennessee, LLC

1

## Factual and Procedural Background

Paula Dugger ("Employee"), a resident of Lawrence County, Tennessee, was employed as a licensed practical nurse by Home Health Care of Middle Tennessee, LLC ("Employer"). On February 21, 2015, she left her home en route to a work assignment approximately seventy-five miles away in Rockvale, Tennessee. Due to dangerous driving conditions caused by ice and snow, Employee decided to abandon her trip and return home before reaching the patient's residence. She stopped at a store to get fuel and to call Employer to advise she would not make it to her work assignment so other nursing arrangements could be made for the patient. Upon resuming the route to her residence, she was involved in a motor vehicle accident, which resulted in her suffering multiple injuries.

Employer denied Employee's claim for workers' compensation benefits, relying on the general rule that an employee's injuries occurring during travel to and from the workplace are not compensable unless the injuries occur on the employer's premises. Employer asserts that the circumstances of Employee's travel on February 21, 2015 do not merit the application of any exception to the general rule.

Employee completed an employment application with Employer on May 31, 2013, and she was hired by Employer on September 30, 2013. When she completed the employment application she initialed several paragraphs to acknowledge her agreement to certain matters related to her employment, including the following:

> If the position applied for requires driving in the course of work, I understand that I will be required to possess a current and valid driver's license and understand that I will be required to provide proof of insurance. I also understand that any employment offer is contingent on my ability to be covered by auto insurance, and have proof of $100,000.00/$300,000.00 liability coverage required for my position.

In an expedited hearing, Employee testified that the position she applied for required driving to patients' homes daily, and as a result she increased her automobile coverage to the required limits and provided evidence of the insurance coverage to Employer. On her hire date, Employee signed a "Comprehensive Agreement" that included the following:

> All Company employees whose job may involve driving on Company business must maintain a current driver's license and automobile liability insurance providing minimum limits. Employees who use their personal automobile in carrying out their job duties (i.e., travel to and from patient visits and other related work) must furnish the Company evidence of

2

automobile insurance and must carry a minimum of $100,000.00/$300,000.00 liability coverage for bodily injury.

Employee testified that travel was a normal part of her job duties. She testified that the "essential functions" included in her job description required that she be "available and make p.r.n. and routine patient visits when indicated [and] as requested," and that she be "available and rotate[] on-call assignments, when requested." When asked what that meant, she testified that "if they called [her] and asked [her] to work, if [she] could and wasn't working anywhere else, [she] could go, and usually [she] did." She testified there were two occasions when she was "paid mileage," but she did not explain why she received "mileage reimbursement" for the two trips. In an affidavit introduced at the hearing she stated that "in the past [she had] been required to travel from one patient's home to another in a single day without prior notice," and that "[o]n those occasions [she] did receive mileage reimbursement from [Employer]." In the expedited hearing Employee also testified that "if [she] was working and if it was a p.r.n., somebody didn't show up and they needed [her] to work or if they called [her] and [she] was off the next day, [she] would work. It's just whenever they needed [her] is when [she] would go." She testified that happened "a lot."

Employee received an Employee Handbook, which provided that all employees whose positions may require them to provide patient care "are required to furnish their own transportation." The handbook provided that "[a]utomobiles must be kept in good running order and must be kept clean and neat . . . , [and it] is the responsibility of each employee to provide his or her own transportation and to routinely work outside the office on a regular and timely manner."

Employee testified that, at the time of the February 21, 2015 accident and for six or seven months prior to the accident, Employer assigned her to work twelve-hour shifts for the same patient in Rockvale. During that period she did not receive reimbursement for travel or mileage expenses, and she was paid an hourly rate that began upon her arrival at the patient's home and ended when she left the patient's home. Her travel time to and from the patient's home was not included in her compensated hours. On the day of the accident, she was following her usual route to Rockvale when she decided to return home due to dangerous driving conditions. She was following her usual route home when the accident occurred.

Employee's petition for benefit determination requested medical and temporary disability benefits. Following an in-person evidentiary hearing, the trial court denied the requested benefits, relying on the general rule that injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course of employment unless they occur on the employer's premises. The trial court determined that no exception to the general rule recognized by Tennessee courts applied to Employee's circumstances. Employee has appealed, contending the circumstances of her

employment were "more akin to the cases where an employee is injured in a company car than those cases where the employee is simply coming and going to work by their own freely chosen transportation." Employee asserts the "condition of her employment should provide sufficient exception to the coming/going rule where operation of the automobile was the instrumentality of the injury."

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the trial court's decision absent the limited circumstances identified in the statute.

## Analysis

A compensable workers' compensation injury must "arise[] primarily out of and occur in the course and scope of employment." Tenn. Code Ann. §50-6-102(14) (2015). An injury is deemed to arise primarily out of and in the course and scope of employment "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Further, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). An injury is shown to a reasonable degree of medical certainty if "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D).

4

Historically, Tennessee courts have held that "the statutory requirements that an injury arise out of and in the course of the employment are not synonymous, although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance Sys.*, 164 S.W.3d 350, 354 (Tenn. 2005). An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993). Thus, the course of employment requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005).

In contrast, "arising out of" employment refers to causation. *Reeser v. Yellow Freight Sys., Inc.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). The element of causation is satisfied when the "injury has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.*, 833 S.W.2d 496, 498 (Tenn. 1992). "The mere presence of the employee at the place of injury because of the employment is not enough, as the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work." *Blankenship*, 164 S.W.3d at 354. Accordingly, "an injury purely coincidental, or contemporaneous, or collateral, with the employment, . . . will not cause the injury . . . to be considered as arising out of the employment." *Jackson v. Clark & Fay, Inc.*, 270 S.W.2d 389, 390 (Tenn. 1954).

Generally, injuries sustained by an employee while traveling to or from work are not considered within the course of employment unless they occur on the employer's premises. *Hubble v. Dyer Nursing Home*, 188 S.W.3d 525, 534 (Tenn. 2006). Tennessee has, however, recognized certain exceptions to the "going and coming" rule, which the Supreme Court has explained as follows:

> Under the "special errand rule" exception, an employee may be compensated for an off-premises injury "while performing some special act, assignment or mission at the direction of the employer." Another exception applies to injuries sustained by employees traveling in a company car while going to or coming from work. *Eslinger v. F & B Frontier Constr. Co.*, 618 S.W.2d 742, 744 (Tenn. 1981) ("It is well settled in this State that where transportation is furnished by an employer as an incident of the employment, an injury suffered by the employee while going to or returning from his work in the vehicle furnished arises out of and is within the course of the employment.").

*Howard v. Cornerstone Med. Assoc., P.C.*, 54 S.W.3d 238, 240 (Tenn. 2001) (citation omitted). The Supreme Court has also recognized an employee's "need to carry his own

carpentry tools in his truck, combined with a provision for travel reimbursement in the employment contract," as sufficient to remove a case from the general rule of non-compensability in "going and coming cases," noting that "[i]n general, we have allowed coverage where the journey itself 'is a substantial part of the services for which the workman was employed and compensated.'" *Id.* at 241 (*quoting Smith v. Royal Globe Ins. Co., Inc.*, 551 S.W.2d 679, 681 (Tenn. 1997)).

Another exception adopted by the Supreme Court concerns "traveling employees." *Id. See also Autwell v. Back Yard Burgers, Inc.*, No. W2014-00232-SC-R3-WC, 2015 Tenn. LEXIS 185, at *11 (Tenn. Workers' Comp. Panel Mar. 16, 2015). "The 'traveling employee' exception is generally applied to employees who travel extensively to further the employer's business, such as traveling salesmen. The travel is an integral part of the job and differs from an ordinary commuter's travel, thereby exposing the traveling employee to greater risks." *Howard*, 54 S.W.3d at 241(citations omitted).

In the instant case, Employee contends the trial court's reliance on *Howard* is misplaced because of distinguishing facts. The Supreme Court in *Howard* concluded that the employee's drive from his home "does not fall under the 'traveling employee' exception." *Id.* Here, Employee argued in the trial court that she was a "traveling employee," but on appeal, rather than asserting she is a "traveling employee," she contends "[her] circumstance is more akin to the cases where the employee is injured in a company car than those cases where the employee is simply coming and going to work by [his or her] own freely chosen transportation that provided no additional benefit to the employer." Employee contends that her employment contract required travel and that the conditions imposed upon her by Employer are sufficient to except her from the "going and coming" rule. According to Employee, these conditions include the requirement that she have and maintain a valid driver's license; that she provide her own dependable transportation; that she keep her vehicle clean and in good running order; that she not carry passengers while working; that she keep her car insured with liability limits that are greater than the state's required minimum limits; and that she be available throughout the workday to be redirected to additional locations to either serve patients or provide other services for Employer's benefit. Employee asserts these requirements "had the same effect of the employer providing a company car, but at the employee's expense," and that "the condition of her employment should provide sufficient exception to the [going and coming] rule where operation of the automobile was the instrumentality of the injury." We disagree.

The reason underpinning the exception to the general rule for the "traveling employee" is that traveling itself is part of the job for which the employee is compensated. *See* 2 Lex K. Larson, Larson's Workers' Compensation § 14.01 (Matthew Bender, Rev. Ed.). Likewise, the reason underpinning the "special errand" exception is that the journey itself is viewed as such an integral part of the service to the employer as to bring the travel-related errand within the course of the employment. *Id.* at § 14.05. In

6

contrast, trips to and from work in a vehicle provided by an employer are in the course of the employment based upon the extension of risks that are under the employer's control. *See id.* at § 15.01.

Since 1922, the Tennessee Supreme Court has consistently held that where transportation is furnished by an employer as an incident of the employment, injuries suffered by an employee while going to or returning from work in the vehicle furnished by the employer and under the employer's control arise out of and are within the course of the employment within the meaning of the Workers' Compensation Act. *See Norwood v. Tellico River Lumber Co.*, 244 S.W. 490, 491 (Tenn. 1922). For example, in *McClain v. Kingsport Improvement Corp.*, 245 S.W. 837 (Tenn. 1922), the employee died as a result of being thrown from a horse he was riding to work along a public road when the horse "took fright at a passing train." *Id.* at 838. The employer had furnished the horse for the employee to ride back and forth between his home and his place of work. Upholding the trial court's determination that the employee "met his death while going to his work on an agency of transportation furnished by his employer for that purpose," the Court found "abundant evidence to justify the conclusion of the trial court that [the employee] met his death by reason of an accident arising out of and in the course of his employment." *Id.*

In this case, while Employee relies upon cases from other jurisdictions, she does not cite, nor have we located, a Tennessee case where requirements in an employment agreement imposing limitations on an employee's use of a vehicle when the employee is required to furnish his or her own transportation were determined to be sufficient to create an exception to the "going and coming" rule.[1] Moreover, we have found nothing in the Reform Act that suggests an intent to depart from the longstanding "going and coming" rule in Tennessee or that creates an additional exception to the rule for employees who are required to furnish their own transportation for traveling to and from work with conditions or restrictions imposed on the use of the vehicle.

Here, Employee was hired to provide residential care to various patients, which required that she have access to a reliable vehicle. The requirement that she have reliable transportation is not unique to her job. Virtually any job that requires an employee to leave his or her home imposes on the employee the burden of securing reliable transportation to and from the work place. Moreover, for six or seven months prior to her accident she had been assigned to only one patient to whose residence she was traveling at the time she decided to abandon her trip and return home. She was not reimbursed mileage expenses or otherwise compensated for the expense of travel to or from her home, and she was not compensated for her time while traveling to or from her home. In

---

[1] Cases from other jurisdictions construing workers' compensation statutes are not binding on Tennessee courts. *See Holiday Inns, Inc. v. Olsen*, 692 S.W.2d 850 (Tenn. 1985).

addition, she was not reimbursed for vehicle maintenance, and, although she was required to have specified liability insurance limits, she was not reimbursed or otherwise compensated for the insurance expense. Her twelve-hour shift began upon her arrival at the patient's home and ended upon her departure from the patient's home. Her journey simply was not a part of the service for which she was compensated. Further, on the day of the accident, Employee was not on a special errand for Employer, nor was she traveling in a vehicle furnished by Employer. She was traveling home on her normal route when the accident occurred. While she may have been subject to being called to other patients' homes or to provide other services in connection with Employer's home health care business, at the time of the accident she was not responding to a call or engaged in a "special errand" for Employer. Rather, she was returning home on the normal route from the residence of the patient to whom she had been assigned for six or seven months. The fundamental reason for extending Employer's liability, which is Employer's control of the risks presented, simply is not present under the circumstances of this case.

Finding that Employee was not a traveling employee and that the circumstances of her accident did not come within any exception to the general rule recognized in Tennessee, the trial court concluded that Employee "has not come forward with sufficient evidence from which this [Court can conclude] she is likely to prevail at a hearing on the merits." After carefully considering Employee's position and the entire record, we cannot say that the evidence preponderates against the trial court's conclusions.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

David F. Hensley, Judge
Workers' Compensation Appeals Board

8

**FILED**

**March 16, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:11 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Paula Dugger | ) Docket No. 2015-05-0341 |
| | ) |
| v. | ) |
| | ) State File No. 69225-2015 |
| Home Health Care of Middle Tennessee, LLC., et al. | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of March, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Richard Matthews** | | | | | X | rmatthews95@aol.com |
| **Gordon Aulgur** | | | | | X | gordon.aulgur@accidentfund.com |
| **Dale Tipps, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |



Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov