FILED

June 15, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:56 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| Paula Dugger, | ) | DOCKET No.: 2015-05-0341 |
| Employee, | ) | |
| v. | ) | STATE FILE No.: 69225-2015 |
| Home Health Care of Middle TN, | ) | |
| Employer, | ) | Judge Dale Tipps |
| And | ) | |
| United Heartland, | ) | |
| Insurance Carrier. | ) | |

## ORDER GRANTING SUMMARY JUDGMENT

This matter came before the Court upon the Motion for Summary Judgment (MSJ) filed pursuant to Rule 56 of the Tennessee Rules of Civil Procedure by the employer, Home Health Care of Middle TN (HHC), on May 4, 2016.[1]  The present focus of this case is whether Ms. Dugger is entitled to medical and temporary disability benefits pursuant to the Workers' Compensation Law.  The central legal issue is whether HHC is entitled to judgment as a matter of law because Ms. Dugger's injuries did not arise primarily out of and in the course and scope of her employment.  For the reasons set forth below, the Court finds HHC is entitled summary judgment.

### Procedural History

Ms. Dugger filed a Petition for Benefit Determination on September 2, 2015, seeking medical and temporary disability benefits.  The parties did not resolve the disputed issues through mediation, and the mediating specialist filed a Dispute Certification Notice.  Ms. Dugger filed a Request for Expedited Hearing, and this Court heard the matter in an interlocutory hearing on January 19, 2016.

At the Expedited Hearing, Ms. Dugger argued that travel was an integral part of her employment responsibilities, as evidenced by HHC's requirements that she maintain

---

[1] The parties did not file the Joint Statement of Facts and Documentary Evidence until May 11, 2016.

1

a car and remain on call for HHC to reassign her to a different location at any time. Further, she contended travel was an integral part of the employment contract. As a result, she asserted the coming and going rule did not preclude compensability in this case.

HHC countered that the appropriate inquiry is whether, *at the time of the accident*, Ms. Dugger was in the course and scope of her employment. It contended she was not on a special errand on the day of the accident, she received no mileage or expense reimbursement, and she received no compensation for her travel time. Therefore, no exception to the coming and going rule applies.

Following the hearing, the Court issued an Expedited Hearing Order on January 29, 2016, denying the requested benefits. The Court determined Ms. Dugger was not in the course of her employment at the time of the accident, which occurred while she was traveling to work.

Ms. Dugger filed an appeal of the Court's order on February 8, 2016, and the Workers' Compensation Appeals Board issued its decision on March 16, 2016. The Board affirmed the Court's finding that Ms. Dugger was not a travelling employee and that her accident did not fall within any exception to the "going and coming" rule. It remanded Ms. Dugger's case for any further proceedings, and HHC then filed for summary judgment. Ms. Dugger filed a response in opposition, and both parties waived a hearing on the motion.

**Facts**

According to the parties' Joint Statement of Stipulated Facts, Ms. Dugger worked as a Licensed Practical Nurse for HHC, providing residential home health care to various patients in Middle Tennessee. On February 21, 2015, HHC assigned Ms. Dugger to provide nursing services to an HHC client in Rockvale, Tennessee, approximately seventy-five miles from Ms. Dugger's home in Lawrenceburg, Tennessee. While she was on the way to the patient's home, the roads on Ms. Dugger's route were icy, so she decided to return home and notify HHC she was not going to make it to the appointment. On her way home, another vehicle struck Ms. Dugger's car, causing injuries that required medical treatment and resulted in her inability to return to work.

When Ms. Dugger was hired, HHC provided her a written job description and Employee Handbook, which she considered conditions of her employment. Based on these documents, as well as her experience as an employee of HHC, Ms. Dugger understood she was required to provide her own transportation to each assigned patient's home. The Employee Handbook required employees to furnish their own transportation and keep their automobiles in "good running order, clean, neat and dependable." Employees were also required to maintain automobile liability insurance with limits of at

2

least $100,000/$300,000 and provide evidence of coverage to HHC.

Ms. Dugger's job description allowed HHC to "reassign duties at any time." She understood this to mean that while she was on assignment at a patient's home, she was subject to reassignment without notice and was responsible for her own transportation to the new location. This had occurred previously.

Although HHC, on occasion, reimbursed Ms. Dugger for her mileage expenses for special trips, Ms. Dugger received no compensation for her mileage or reimbursement for vehicle maintenance or insurance costs for the date of her accident. HHC did not compensate her for her travel time, and her shift did not begin until she arrived at the patient's home. Her shift ended when she left the patient's home.

## Findings of Fact and Conclusions of Law

Motions for summary judgment are governed by Tennessee Code Annotated section 20-16-101 (2015) and Tennessee Rule of Civil Procedure 56. Rule 56.03 requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Aside from Rule 56, in 2011, the Tennessee General Assembly codified the burden of proof applicable to a motion for summary judgment filed by a party who does not bear the burden of proof at trial as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> > (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> >
> > (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2015).

The nonmoving party must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Prior to *Rye*, trial and appellate courts were required to assume that the nonmoving party faced with a motion for summary judgment might, by the time of trial, produce evidence to support the nonmoving party's claim. *See Rye*, 477 S.W.3d at 261. However, with the passage of Tennessee Code Annotated section 20-16-101 and the reexamination of the

3

summary judgment standard in *Rye*, the burden falls to the nonmoving party to produce evidence to establish the essential elements of the nonmoving party's claim in response to the motion for summary judgment. "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id*. at 265 (emphasis added). Thus, in this case, HHC's summary judgment motion requires Ms. Dugger to submit evidence establishing all the essential elements of her workers' compensation claim.

One of those elements is the requirement that Ms. Dugger must demonstrate her injury arose primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). "Injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* As the Workers' Compensation Appeals Board noted:

> The statutory requirements that an injury arise out of and in the course of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance Sys.*, 164 S.W.3d 350, 354 (Tenn. 2005). An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993). Thus, the course of employment requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005). By contrast, arising out of employment refers to causation. *Reeser v. Yellow Freight Sys., Inc.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). Put another way, an injury arises out of employment when it "has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.,* 833 S.W.2d 496, 498 (Tenn. 1992).

*Johnson v. Wal-Mart Associates, Inc.*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18, at *11-12 (Tenn. Workers' Comp. App. Bd. July 2, 2015).

Ms. Dugger has not established this element of her claim because injuries sustained by an employee while traveling to or from work are generally not considered within the course of employment unless they occur on the employer's premises. *Howard v. Cornerstone Med. Assoc., P.C.*, 54 S.W.3d 238, 240 (Tenn. 2001). The *Howard* court explained:

> The reason supporting this rule is evident: travel to and from work is not,

4

ordinarily, a risk of employment. Rather, driving to work falls into the group of all those things a worker must do in preparation for the work day, such as dressing; and driving from work is often a prerequisite to getting home.

*Id*. at 241.

There are exceptions to this general rule. Under the special errand exception, an employee may be entitled to compensation for injuries sustained while performing some special act, assignment, or mission at the direction of the employer. *Id*. at 240. "The reason for this exception is that 'the employment imposes the duty upon the employee to go from place to place at the will of the employer in the performance of duty and the risks of travel are directly incident to the employment itself.'" *Id*. at 241. Injuries sustained by employees traveling in a company car while going to and from work are also compensable. *Id*. The Supreme Court has also held that an employee's need to carry his own carpentry tools in his truck, combined with a provision for travel reimbursement in the employment contract, removed his case from the general rule. *Id*. In addition, compensation has been awarded where the journey itself "is a substantial part of the services for which the workman was employed and compensated." *Pool v. Metric Constructors, Inc.*, 681 S.W.2d 543, 544 (Tenn. 1984).

The Court finds Ms. Dugger's accident did not occur within any of the above-enumerated exceptions. Ms. Duggar was not on a special errand or assignment at the time of her accident. Further, she was not travelling in a company car, nor was she paid for her travel time or reimbursed for her mileage expense. Perhaps most significantly, Ms. Dugger's shift did not begin until she arrived at the patient's house, and she did not make it to the patient's house on the day of the accident.

Another exception to the general rule is the traveling employee, working away from the regular jobsite. *Howard*, 54 S.W.3d at 241. This exception "is generally applied to employees who travel extensively to further the employer's business, such as traveling salesmen. The travel is an integral part of the job and differs from an ordinary commuter's travel, thereby exposing the traveling employee to greater risks." *Id*.

Ms. Dugger contends she falls into the traveling employee exception because she did not have a fixed place of work and was required to travel to assigned patient homes. This argument is unpersuasive. In *Sharp v. Northwestern Nat'l Ins. Co.*, 654 S.W.2d 391 (Tenn. 1983), the Supreme Court held an employee who was on call at all times and traveled to different job sites could not recover workers' compensation benefits for an injury resulting from an automobile accident while driving home from work.

The reason supporting this rule is evident: travel to and from work is not, ordinarily, a risk of employment. Rather, driving to work falls into the

group of all those things a worker must do in preparation for the work day, such as dressing; and driving home from work is often a prerequisite to getting home. While this travel is some modicum of benefit to the employer, travel to and from work is primarily for the benefit of the employee: if he doesn't present himself at the work place, he is not compensated for his labors.

*Id*. at 392.

The Court went on to distinguish cases in which an employee may recover for an injury sustained while traveling for work:

These cases have in common the element of an undefinable boundary for the beginning and ending of the claimant's work environment. The very nature of the employments rendered that environment amorphous. And yet, it is certain the claimants were placed in circumstances which were directly related to their employment. And, therefore, injuries arising out of those circumstances were compensable.

*Id*.

The Supreme Court considered facts similar to Ms. Dugger's claim in *Howard v. Cornerstone Med. Assocs., P.C.*, 54 S.W.3d 238 (Tenn. 2001). *Howard* involved a doctor who sustained injuries in an automobile accident. Dr. Howard's employment contract required him to see patients at several facilities and hospitals. At the time of the accident, he was driving his personal automobile to a nursing home that had called him to see a new patient. Even accepting Dr. Howard's claim that his salary included travel expenses, the Court found he did not fall under the "traveling employee" exception. Instead, the Court found his travel "was incidental at best, that his work boundaries were definable, and that his employment placed him at no greater risk than any other motorist on the highway." *Id*. at 241.

The Court finds Ms. Dugger was not a travelling employee. Even though she had to travel to her job, the travel itself was not a substantial part of her employment. *See Smith v. Royal Globe Ins. Co.*, 551 S.W.2d 679, 681 (Tenn. 1977)(employee, in reality, was simply a commuter, even though the distance involved was substantial, and the situs of his duties changed from time to time).

In the alternative, Ms. Dugger also proposes another exception to the rule. She contends the distinguishing factor in her case is that her provision and maintenance of a vehicle to do the job was a condition of her employment with HHC. The benefit to HHC was the ability of HHC to call and direct Ms. Dugger to additional "prn" or on-call assignments. Ms. Dugger cited *Hollin v. Johnston Cnty. Council on Aging*, 639 S.E.2d

78, 84-85 (N.C. Ct. App. 2007), which held:

> Where an employee who is required to furnish their own vehicle as part of their employment is injured going to or coming from work, such injuries are covered by the Workers' Compensation Act. (Citation omitted). Plaintiff here was required to furnish her own vehicle for her employer's use in providing in-home care to patients. "[D]elivering nursing services to patients at their homes is the *raison d'etre* of [defendant's] business, and . . . traveling to patients' homes is an essential component of that service." (citation omitted). Plaintiff was traveling to her first patient's home at the time she sustained her injuries. She was required to travel there in her own vehicle, and so was "required by the very nature of her job description to submit herself to the hazards of day-to-day travel . . . back and forth to the homes of her patients." *Id*. Unlike the public at large, who may choose their mode of transportation, plaintiff was required to use her private vehicle as part of her employment. "As such, [plaintiff] was acting within the course of her employment with [defendant] at the time her injuries were sustained."

All the cases cited by Ms. Dugger in support of this proposition, including *Hollin*, are from foreign jurisdictions. Ms. Dugger provides no legal authority demonstrating the exception described in *Hollin* exists in Tennessee,[2] but suggests that the reasoning used by the *Hollin* court is the same as that of Tennessee courts dealing with the "company car" exception. A careful review of Tennessee case law by the Court reveals no such exception in our coming and going rule. Creating a new exception is the province of the appellate courts. To the extent Ms. Dugger requests this Court to carve out a new exception, the Court declines to do so.

The Court is required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party. *Martin v. Norfolk S. Ry Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Having carefully reviewed and considered the evidence in the light most favorable to Ms. Dugger, the Court finds HHC has demonstrated Ms. Dugger's evidence is insufficient at the summary judgment stage to establish an injury arising primarily out of and in the course and scope of her employment as is required for her to prevail at trial. *See Rye*, 477 S.W.3d at 265.

**IT IS, THEREFORE, ORDERED** as follows:

---

[2] It is noteworthy that the court in *Hollin* based its decision at least in part on a requirement that the North Carolina Workers' Compensation Act should be liberally construed and that "[w]here any reasonable relationship to employment exists, or employment is a contributory cause, the court is justified in upholding the award as arising out of employment." *Hollin*, 639 S.E.2d at 84. This is inconsistent with the mandate of Tennessee Code Annotated section 50-6-116 (2015) that the Workers' Compensation Law "shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer."

1. HHC's Motion for Summary judgment is granted, and Ms. Dugger's claim against HHC and its workers' compensation carrier for the requested workers' compensation benefits is dismissed on the merits with prejudice to its refiling.

2. The filing fee for this this cause of $150.00 is taxed to the Employer, HHC, pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Procedures, for which execution may issue, as necessary.

**ENTERED this the 15th day of June, 2016.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of**

8

**Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Granting Summary Judgment was sent to the following recipients by the following methods of service on this the 15th day of June, 2016.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| Richard Matthews | | X | Rmatthews95@aol.com |
| Gordon Aulgur | | X | Gordon.aulgur@accidentfund.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**