**FILED**

**April 29, 2016**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:16 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **CHRISTOPHER FLIPPEN**<br>      **Employee,** )<br>**v.** )<br>**MURPHY-HOFFMAN COMPANY** )<br>      **Employer,** )<br>**And** )<br>**INDEMNITY INSURANCE CO. OF** )<br>**NORTH AMERICA,** )<br>      **Carrier.** )<br>                   ) | **Docket No.: 2015-03-0455**<br><br>**State File Number: 50384-2015**<br><br>**Judge Lisa Lowe Knott** |

---

## EXPEDITED HEARING ORDER FINDING COMPENSABILITY

---

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Christopher Flippen, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Mr. Flippen sustained an injury arising primarily out of and in the course and scope of his employment.[1] The central legal issue is whether Mr. Flippen's injury qualifies as a recognized exception to the general coming and going exclusion. For the reasons set forth below, the Court finds Mr. Flippen has established he is likely to prevail at a hearing on the merits that his injury arose primarily from a hazard to which he was exposed as a direct result of his employment.[2]

### History of Claim

Mr. Flippen is a forty-one-year-old resident of Sevier County, Tennessee. Murphy-Hoffman Company (MHC) employed Mr. Flippen as a salaried Service Manager for MHC's Knoxville and Chattanooga locations.

---

[1] The parties asked the Court to address compensability only and, other than stipulating that medical records would be introduced as Exhibits 9 and 10, did not introduce any evidence regarding medical expenses and/or temporary disability benefits.

[2] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

MHC's Knoxville office implemented an on-call procedure because it was not open twenty-four hours per day like other locations. On June 21, 2015, MHC received a call concerning a customer wishing to rent a truck from the Knoxville location. The service technician on call contacted Mr. Flippen to advise he could not handle the rental because he was on the lake. Mr. Flippen drove from his residence in Sevier County to Knoxville to complete the rental process with the customer. While returning home, an on-coming vehicle crossed over the center lane and struck Mr. Flippen's vehicle.

Mr. Flippen sustained multiple injuries to his back, hips, legs, and feet. He received medical care at the University of Tennessee Medical Center and Patricia Neal Rehabilitation Center. (Exs. 9 and 10.) On July 28, 2015, MHC filed a Notice of Denial stating Mr. Flippen's injuries did not occur in the course of his employment. (Ex. 7.)

MHC filed a Petition for Benefit Determination (PBD). The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN). Mr. Flippen filed a Request for Expedited Hearing, and this Court heard the matter on April 19, 2016.

At the Expedited Hearing, Mr. Flippen asserted his injuries are compensable because he qualifies as a traveling employee, since MHC compensated his mileage expenses. In the alternative, Mr. Flippen argued he was on a special errand for MHC at the time of injury. MHC countered that Mr. Flippen was not a traveling employee and not on a special errand at the time of his injuries. MHC did not pay Mr. Flippen for his time, gas, or vehicle insurance and did not assign any "on-call" restrictions to his availability. Mr. Flippen was merely driving home from performing his job and not exposed to any greater risk than the general driving public.

**Findings of Fact and Conclusions of Law**

Under Tennessee Workers' Compensation Law, Mr. Flippen has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). To prove a compensable injury, Mr. Flippen must show that his injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14) (2015).

The phrases "arising out of" and "in the course of" are not synonymous. An injury occurs in the course of employment if, "it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto." *Hurst v. Labor Ready,* 197 S.W.3d 756 (Tenn. 2006) (citing *Blankenship v. Am. Ordnance Sys.,* 164 S.W.3d 350, 354 (Tenn. 2005)).

2

By comparison, an injury arises out of the employment when there is a causal connection between the conditions under which the employee is required to perform the work and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). The element of causation is satisfied when the "injury has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.*, 833 S.W.2d 496, 498 (Tenn. 1992).

Generally, injuries sustained by an employee while traveling to or from work are not considered within the course of employment unless they occur on the employer's premises. *Hubble v. Dyer Nursing* Home, 188 S.W.3d 525, 534 (Tenn. 2006). However, the "special errand rule" is an exception to the general "coming and going" rule, which the Supreme Court explained as follows: "[u]nder the 'special errand rule' exception, an employee may be compensated for an off-premises injury 'while performing some special act, assignment, or mission at the direction of the employer.'" *Eslinger v. F & B Frontier Constr. Co.*, 618 S.W.2d 742, 744 (Tenn. 1981). In addition, where the employer provides transportation, an injury suffered by the employee while going to or returning from work in the vehicle furnished arises out of and is within the course of employment. *Howard v. Cornerstone Med. Assoc., P.C.*, 54 S.W.3d 238, 240 (Tenn. 2001).

In *Pool v. Metric Constructors, Inc.*, 681 S.W.2d 543 (Tenn. 1984), the employee worked for a construction company in Jackson, Tennessee. While working in Jackson, the employer paid employee an hourly rate and no mileage reimbursement. While working in Columbus, Mississippi, the employee received a daily $25.00 per diem and $.20 per mile travel reimbursement. The *Pool* Court found, "the provision by the employer of reimbursement of travel expenses is sufficient to place the accident within the course of and in the scope of employment." *Id.* at 544. Further, the *Pool* Court noted, "[a]nalytically there is little difference in principle between furnishing an amount in cash equivalent to the value of the use of the employee's own car and furnishing the car itself." *Id.* at 545.

The Appeals Board recently addressed two coming and going cases. In *Dugger v. Home Health Care,* No. 2015-05-0341, 2016 TN Wrk. Comp. App. Bd. LEXIS 13 (Tenn. Workers' Comp. App. Bd. Mar. 16, 2016), the employee was a home health care nurse who was injured in a motor vehicle accident while traveling home after abandoning efforts to travel to a patient's residence because of inclement weather. The trial court denied the claim, finding no exception to the coming and going rule. The Appeals Board affirmed the trial court's decision, and noted the employee "was not reimbursed mileage expenses or otherwise compensated for the expense of travel to or from her home[.]" *Id.* at *16. In *Navyac v. Universal Health Services,* No. 20165-06-0677, 2016 TN Wrk. Comp. App. Bd. LEXIS 17 (Tenn. Workers' Comp. App. Bd. Mar. 31, 2016), the employee was injured while traveling to a work-related event at her employer's request.

While en route to her destination, the employee made a brief stop at a restaurant and, as she was leaving to return to her car, slipped in water, fell, and fractured her ankle. The Board noted the following:

> Thus, in evaluating whether an injured worker's accident arose out of employment, the critical question is not whether an injured worker's accident arose out of employment, the critical question is not whether a third party's fault or negligence "caused" the injury as that term is applied in a tort setting, but whether the employment more likely than not caused the accident in the sense that the accident had its origin in hazards to which the employee was exposed by reason of the employment . . .
>
> [T]he proof was unrefuted that [the employee] was compensated by [the employer] for her travel time and was traveling at [the employer's] request when she was injured . . . [W]e find there was sufficient proof that [the employee's] injury arose primarily from a hazard to which she was exposed as a direct result of her employment.

*Id.* at *16-17.

Based on *Pool, Dugger*, and *Navyac,* courts place great emphasis on whether an employee receives reimbursement for mileage and/or travel expenses when determining whether an employee's travel-related injury falls under an exception to the general coming and going rule. In the current case, MHC did not reimburse Mr. Flippen for his mileage during regular working hours. However, it did reimburse Mr. Flippen for his mileage on the date of the injury. (Exs. 1 and 4.)

MHC District Manager Scott Shipp testified via affidavit that on-call employees carried a company cell phone and are paid an additional two hours of pay for the time they are on call. (Ex. 2.) Mr. Flippen testified via affidavit and at the Expedited Hearing that when a service technician was unable to complete an on-call assignment, he acted as backup. Mr. Flippen further testified MHC management made it clear that if the primary on-call employee was unable to complete an assignment, it was his responsibility to do so. (Ex. 1.) At the Expedited Hearing, MHC suggested it was within Mr. Flippen's discretion to accept or reject the on-call assignment but did not offer any evidence to support that suggestion, and Mr. Flippen testified management never told him he could refuse an on-call assignment.

On the day of the accident, the on-call service tech received a call for a truck rental. The on-call service tech contacted Mr. Flippen and advised he was unable to meet the MHC customer at the store to complete the rental. As the service manager, Mr. Flippen was responsible for handling the call if the service tech was unable to do so. Based on these facts and that MHC reimbursed Mr. Flippen's mileage expenses, Mr.

4

Flippen has come forward with sufficient evidence from which this Court concludes his injury arose primarily from a hazard to which he was exposed as a direct result of his employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Flippen has established that his injury arose primarily from a hazard to which he was exposed as a direct result of his employment. However, the Court is unable to order specific medical and/or temporary benefits at this time since, other than stipulating medical records as Exhibits 9 and 10, the parties did not introduce any evidence in that regard.

2. This matter is set for an Initial (Scheduling) Hearing on July 6, 2016, at 1:30 p.m. Eastern.

**ENTERED this the 29th day of April, 2016.**

**Judge Lisa Lowe Knott**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Lisa Lowe Knott, Court of Workers' Compensation Claims. You must call 865-594-0109 or toll-free at 855-383-0003 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits:</u>

- EXHIBIT 1: Affidavit of Christopher Flippen;
- EXHIBIT 2: Affidavit of Scott Shipp;
- EXHIBIT 3: MHC Position Summary for Service Manager;
- EXHIBIT 4: MHC Expense Summary;
- EXHIBIT 5: MHC Rental Agreement;
- EXHIBIT 6: Tennessee Electronic Traffic Crash Report;
- EXHIBIT 7: Notice of Denial of Claim for Compensation, form C-23;
- EXHIBIT 8: Wage Statement, Form C-41;
- EXHIBIT 9: Medical Records of University of Tennessee Medical Center; and
- EXHIBIT 10: Medical Records of Patricia Neal Rehabilitation Center.

<u>Technical record:</u>[3]

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Employer's Pre-Hearing Brief; and
5. Request for Expedited Hearing.

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of April, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Ronald Rayson, Esq., Employee's Attorney | | | X | ron@burkhalterrayson.com |
| Garry Ferraris, Esq., Employee's Attorney | | | X | gferraris@ferrarislaw.com |
| Kenneth D. Veit, Esq., Employer's Attorney | | | X | Kenny.veit@leitnerfirm.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8