FILED

October 9, 2015

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 2:27 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| **JOSE SILVA** | ) | **Docket No.: 2015-02-0226** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 53943/2015** |
| **TONI SHOUSE/R & R Masonry** | ) | |
| **Employer,** | ) | **Judge Brian K. Addington** |
| **And** | ) | |
| **LIBERTY MUTUAL** | ) | |
| **Insurance Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS
## (RECORD REVIEW ONLY)

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Jose Silva, on September 23, 2015. The present focus of this case is the compensability of Mr. Silva's injury, sustained while driving home after work.[1] The central legal issue is whether the injury arose primarily out of and in the course and scope of employment. For the reasons set forth below, the Court finds the injury not compensable and denies the requested relief at this time.

### History of Claim

Mr. Silva is a twenty-three year-old resident of Washington County, Tennessee. (T.R. 1 at 1.) He is a masonry worker. (Ex. 3 at 1.) R & R Masonry paid Mr. Silva by the hour only for the hours he was on the work site. *Id.* at 2.

On June 23, 2015, Mr. Silva suffered a leg injury during an automobile accident after work. (*Id.* at 2, Ex. 2 at 1-2.) Mr. Silva was driving his personal vehicle. (Ex. 3 at 2.) Mr. Silva called Francisco Diaz, his supervisor, and reported the accident. *Id.* Mr. Silva sought emergency medical treatment at Johnson City Medical Center. (Ex. 2.)

---

[1] Additional information regarding the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

1

Mr. Silva filed a Petition for Benefit Determination seeking medical and temporary disability benefits. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Mr. Silva filed a Request for Expedited Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2014). (T.R. 3.) Mr. Silva requested the Court issue a ruling based on a review of the file without an evidentiary hearing. The Court Clerk notified R & R Masonry's Counsel of Mr. Silva's request. R & R Masonry responded to the Request for Expedited Hearing and did not request an evidentiary hearing. (T.R. 4.)

Mr. Silva failed to file an affidavit in support of his Request for Expedited Hearing. R & R Masonry did not file an objection or a Motion to Dismiss, so the Court considered the entire record. Mr. Silva described the injury as occurring when he drove "[F]rom one job site to another-moto [sic] vehicle accident." (T.R. 1.) He requested temporary disability and medical benefits. *Id.*

R & R Masonry argued that Mr. Silva was not on the clock at the time of the accident and was not driving a company vehicle. It supported its argument with an affidavit by Mr. Diaz, in which he averred that Mr. Silva was not on the clock, not going to another work site at the direction of R & R Masonry, and not driving an R & R Masonry vehicle at the time of the accident. R & R Masonry asserted that Mr. Silva's injury did not arise out of and in the course and scope of his employment.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

prevail at a hearing on the merits. *Id.*

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). Arising out of employment refers to causation. *Reeser v. Yellow Freight Sys.,* Inc., 938 S.W.2d 690, 692 (Tenn. 1997); *Hosford v. Red Rover Preschool,* No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *20 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.,* 163 S.W.3d 673, 678 (Tenn. 2005). Put another way, the element of causation is satisfied when the "injury has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.,* 833 S.W.2d 496, 498 (Tenn. 1992).

Mr. Silva was not working for R & R Masonry at the time of his injury and was simply riding in his personal vehicle. He provided no evidence that he was performing work for R & R Masonry at the time of his accident. In *Sharp v. Northwestern Nat. Ins.,* 654 S.W.2d 391, 392 (Tenn. 1983), the Supreme Court held that, as a general rule, an injury suffered while travelling to and from work is not compensable. An employee must show some risk of travel is directly incident to his employment. *Id.* The only evidence offered by the parties concerning Mr. Silva's activities at the time of the accident is Mr. Diaz's affidavit. Mr. Silva did not file an affidavit to rebut Mr. Ruiz's affidavit. Mr. Diaz's affidavit is sufficient proof that Mr. Silva was not at work when he wrecked his personal vehicle.

The Court finds that Mr. Silva was not on R & R Masonry's premises or working for R & R Masonry when he suffered his injury. Therefore, he has not come forward with sufficient evidence from which this Court can conclude that he is likely to prevail at a hearing on the merits. His request for medical and temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Silva's claim against R & R Masonry for temporary disability and medical benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on November 18, 2015, at 2:00 p.m. Eastern time.

3

**ENTERED this the 9th day of October, 2015.**

Judge Brian K. Addington
Court of Workers' Compensation Claims

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of**

4

**Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 9th day of October, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email/Mail Address |
|------|----------------|------------------|---------|------------|-----------|--------------------|
| Jose Silva | X | X | | | | 166 Cedar Creek Road Gray, TN 37615 |
| E. Shen, Esq. | | | | | X | eric.shen@libertymutual.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

## APPENDIX

Exhibits:
1. Medical Records-X-rays Watauga Orthopedics
2. Medical Bills-Collective Exhibit
3. Affidavit-Francisco Ruiz Diaz, Mr. Silva's supervisor

Technical record:[i]
1. Petition for Benefit Determination, July 15, 2015
2. Dispute Certification Notice, September 23, 2015
3. Request for Expedited Hearing, September 23, 2015
4. Employer's Response to the Request for Expedited Hearing, September 28, 2015

---

[i] The parties filed no written objections to the exhibits. The Court did not consider attachments to the Technical Record filings as evidence unless they were listed as an exhibit. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.