



FILED
Jul 26, 2023
11:57 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Aaron McCorkhill | ) | Docket No. 2022-03-0938 |
| | ) | |
| v. | ) | State File No. 78680-2021 |
| | ) | |
| Landon Electric Co, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer appeals the trial court's order instructing it to provide the employee a panel of orthopedic physicians. The employee was injured in an accident while driving a company-owned vehicle. Prior to the accident, the employee had been at work, sorting his schedule for the day, when he suffered intestinal issues. Due to an unfortunate incident, the employee decided to return home to shower and change before completing sales calls later that day. On the way to his home, while in the company-owned vehicle, he was involved in a single vehicle accident. His employer denied that the accident occurred in the course and scope of his employment, asserting accidents on the way to and from work are not compensable. The trial court determined that this case was an exception to the general rule because the employee was in a company-provided vehicle and was not on a personal errand. The employer has appealed. After careful consideration of the entire record, we affirm the court's determination and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Wm. Richie Pigue and Matthew C. Pietsch, Nashville, Tennessee, for the employer-appellant, Landon Electric Co., Inc.

Aaron McCorkhill, Rocky Top, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

Aaron McCorkhill ("Employee") worked for Landon Electric Co., Inc. ("Employer"), as a field salesman. On August 18, 2021, he reported to the office between

6:30 and 7:00 a.m. and began planning his route for his various sales calls of the day, the first of which was scheduled for 8:00 a.m. Before leaving for his first appointment, however, Employee had some gastrointestinal distress and suffered an incident that resulted in the need for him to go home and shower and change before making his scheduled sales calls.

Employee left in a work vehicle provided by Employer. On his way home, at approximately 7:30 a.m., he was involved in a single vehicle accident. The vehicle left the road, hit a ditch, and rolled over, ultimately stopping upright. Employee contacted the police and then phoned Employer to inform the owner of the accident. Employer asked if he needed an ambulance, and Employee advised he had a friend coming to take him to the hospital. After speaking with the police at the scene, Employee's friend drove him home to shower and change and then drove him to the hospital.

At the hospital, a CT scan was performed, and Employee was diagnosed with a fractured sternum. Approximately a week later, Employee continued to have issues with his back and went to his family physician, Dr. Gertrude Nuarla. Dr. Nuarla diagnosed him with a fractured vertebra and told him to seek treatment with an orthopedic physician.[1] Employee sought treatment with Dr. Luke Madigan at Knoxville Orthopedic Group, who performed back surgery in January 2022.[2] Also in January 2022, Employee noticed issues with his hearing in his right ear. He sought treatment with Dr. Charles Sewell, who performed an exam and recommended a hearing aid, which Employee purchased.

Employer ultimately terminated Employee for reasons unrelated to his accident and injuries, and Employee filed a petition for benefit determination on August 18, 2022.[3] In the petition, Employee asked for payment of his past medical bills, a panel of physicians, and temporary total disability. Mediation was unsuccessful, and a dispute certification notice was filed, identifying the disputed issues as compensability, medical benefits, and temporary total disability.

At the expedited hearing on April 19, 2023, Employer argued the claim was not compensable as it occurred while Employee was on a personal errand and not while he was in the course and scope of performing his job. The trial court determined that, while most injuries that occur when an employee is travelling to and from work are not compensable,

---

[1] It is unclear from the record what discussions, if any, were had between Employee and Employer regarding Employee's need for medical treatment. However, Employer filed a Notice of Denial dated December 2, 2021, stating the injuries did not arise from and were not in the course and scope of his employment.

[2] There are no medical records in the record on appeal, and the medical bills in the record were admitted for identification only. This medical history is primarily based on Employee's testimony at his deposition, which was admitted as an exhibit at the hearing.

[3] The petition lists a date of injury of August 18, 2022, which appears to be in error.

Employee was likely to prevail in proving at trial that his accident was an exception to the general rule. The court further stated that it was reasonable to infer that Employee should not make in-person sales calls to Employer's customers in soiled clothing, and as such, his decision to go home to change was of benefit to Employer. It ordered Employer to provide a panel of orthopedic physicians but denied Employee's request for payment of medical bills related to his emergency room visit, back surgery, and hearing treatment, as Employee did not provide any medical records to establish that the charges were causally related to the accident or any proof that the expenses were reasonable and necessary. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). Conversely, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

On appeal, Employer asserts the trial court erred in determining Employee was likely to prove the accident occurred in the course and scope of his employment. Stated another way, the question is whether Employee's driving home to change his clothing prior to an appointment with a client was a personal errand such that his injuries are not likely to be proven compensable.

Generally speaking, an employee is not in the course of employment if he or she is injured while traveling to or from work. *Hubble v. Dyer Nursing Home*, 188 S.W.3d 525, 534 (Tenn. 2006). This is often referred to as the "going and coming rule." *Howard v. Cornerstone Med. Assocs., P.C.*, 54 S.W.3d 238, 240 (Tenn. 2001). Our Supreme Court has provided the following rationale for the rule:

> The reason supporting this rule is evident: travel to and from work is not, ordinarily, a risk of employment. Rather, driving to work falls into the group of all those things a worker must do in preparation for the work day, such as dressing; and driving home from work is often a prerequisite to getting home. While this travel is some modicum of benefit to the employer, travel to and

from work is primarily for the benefit of the employee: if he doesn't present himself at the work place, he is not compensated for his labors.

*Sharp v. Northwestern Nat'l. Ins. Co.*, 654 S.W.2d 391, 392 (Tenn. 1983). However, there are exceptions to this rule, including when an employer provides a vehicle to its employee:

> It is well settled law in this State that where transportation is furnished by an employer as an incident of the employment, an injury suffered by the employee while going to or returning from his work in the vehicle furnished arises out of and is within the course of the employment.

*Eslinger v. F & B Frontier Construction Co.*, 618 S.W.2d 742, 744 (Tenn. 1981).

Employer argues this exception does not apply because, regardless of the fact he was driving a company vehicle, Employee was on a personal errand at the time of the accident, removing him from the course of employment. In making this argument, Employer relies on *Choate v. Athens Mfg. Corp.*, 675 S.W.2d 169 (Tenn. 1984), a case in which our Supreme Court affirmed a denial of benefits. The employee in *Choate* had a company car; however, he was not using that vehicle at the time of the accident. Instead, he had traveled in his supervisor's wife's vehicle to perform repairs to the company's houseboat over the weekend. *Id.* While there, the employee was contacted by his son and was told he needed to return home. *Id.* at 170. On his way home in his supervisor's wife's vehicle, the employee was in an accident for which he attempted to obtain workers' compensation benefits. *Id.* The trial court dismissed the case, and our Supreme Court affirmed that dismissal stating the employee was on a personal errand. *Id.* at 171.

We find Employer's reliance on *Choate* to be misplaced in this case. First, the employee in *Choate* was not operating a company vehicle, and second, the employee was returning home at the request of a family member for the remainder of the evening. *Id.* at 170-71. In the case at hand, Employee was using his company vehicle to return home to change his soiled clothing before making sales calls on Employer's behalf. Employee provided unrefuted testimony that he had not ceased working for the day and that he intended to proceed immediately to those calls upon completing that task. Thus, it was not solely a personal mission. Furthermore, as stated by our Supreme Court:

> Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. . . . In these and other conceivable instances he ministers unto himself, but in a remote sense these acts contribute to the furtherance of his work. . . . That such acts will be done in the course of employment is necessarily contemplated, and they are inevitable incidents. Such dangers as attend them, therefore, are incident

4

dangers. At the same time injuries occasioned by them are accidents resulting from the employment.

*Carter v. Hodges*, 132 S.W.2d 211, 214 (Tenn. 1939) (internal citations omitted) (citing *Tennessee Chem. Co. v. Smith*, 238 S.W. 97, 99 (Tenn. 1921)).

Although Employee admitted his errand was personal in nature, the errand also had a business purpose and contributed to the "furtherance of his work." "Travel that serves a dual purpose, the employer's and the employee's . . ., will still be considered to be within the scope of employment." *Gunter v. Estate of Armstrong*, 600 S.W.3d 916, 924-925 (Tenn. Ct. App. 2019) (citing *Tennessee Farmers Mut. Ins. Co. v. American Mut. Liability Ins. Co.*, 840 S.W.2d 933, 938 (Tenn. Ct. App. 1992)). As observed by our Supreme Court previously:

> [a]n employee's status of acting in the course of his employment is not destroyed by the fact that he may pursuing a dual purpose. The dual purpose doctrine allowing compensation applies where a special trip would have had to be made for the employer if the employee had not combined the service of the employer with his own going or coming trip.

*Nikola v. Haven Harbor, Inc.*, 620 S.W.2d 82, 84 (Tenn. 1981) (internal citations omitted) (citing 82 Am. Jur. 2d Workers' Compensation § 288 (1976)). In this case, Employer had provided a vehicle to Employee for him to come and go to work and complete sales calls. In order for Employee to perform his work that particular day, he was returning home to change out of soiled clothes and into clothes appropriate for his job. Therefore, in light of Employee's testimony and Employer's furnishing a vehicle for his work tasks, we cannot conclude that the evidence preponderates against the trial court's decision.

### Conclusion

For the reasons stated above, we affirm the trial court's award of medical benefits and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Aaron McCorkhill | ) | Docket No. 2022-03-0938 |
| | ) | |
| v. | ) | State File No. 78680-2021 |
| | ) | |
| Landon Electric Co., Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of July, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Wm. Ritchie Pigue<br>Matthew C. Pietsch | | | | X | rpigue@tpmblaw.com<br>matt@tpmblaw.com<br>mwatson@tpmblaw.com |
| Aaron McCorkhill | | | | X | aaronmccorkhill@ymail.com<br>aaron_mccorkhill@milacron.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov